KEVIN J. DEHOFF, ESQ., SBN 252106
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Creditor COUNTY OF YOLO, ET AL.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| GARY WILLIAM GORSKI, | Case No. 13-33139-C-13C |
| Debtor | DC No. KJD-1 |
| | DECLARATION OF KEVIN J. DEHOFF IN SUPPORT OF MOTION TO PRECLUDE DEBTOR FROM FILING ANOTHER BANKRUPTCY PETITION WITHIN 180 DAYS FROM DISMISSAL |
| | Date: December 10, 2013 |
| | Time: 2:00 P.M. |
| | Dept: C |
| | Courtroom: 33 |

I, KEVIN J. DEHOFF, declare that:

1. I am an attorney duly licensed to practice law before all the Courts of the State of California. I am an associate in the law firm of Angelo, Kilday, and Kilduff, LLP, attorneys of record for Creditor County of Yolo and moving parties in this action and am familiar with the pleadings, correspondence, deposition testimony, related proceedings and discovery exchanged in this case. If called upon to, I can testify competently and from personal knowledge to the following.

2. On May 27, 2008 and July 8, 2010, judgments were entered against Mr. Gary Gorski by the Yolo County Superior Court in case number CV07-1551, *Lancaster v. County of Yolo, et al.*, on behalf of the County of Yolo, Yolo County Sheriff's Department, and Yolo County Sheriff Ed Prieto.

3. In the last Memorandum of Costs filed by the County of Yolo on May 13, 2013, the total remaining on the judgments was $35,260.68, including interest.

4. On May 15, 2013, an Abstract of Judgment was filed by the County of Yolo with respect to the above judgments, in Sacramento County.

5. On May 16, 2013, a judgment lien was filed with the California Secretary of State by the County of Yolo with respect to all business property in debtor Gorski's possession.

6. On July 24, 2013, Gary Gorski was served by the County of Yolo with an order to appear for debtor examination with documents scheduled for August 15, 2013 in Yolo County Superior Court.

7. On August 13, 2013, I received an electronic correspondence from attorney Matthew Eason relating that he anticipated filing a bankruptcy petition on behalf of Mr. Gorski that evening.

8. The following night, on August 14, 2013, Mr. Gorski filed for Chapter 13 bankruptcy receiving case number 13-30691. The Chapter 13 plan and schedules were not filed with the petition. Mr. Eason called that evening to inform me of Gorski's bankruptcy filing and said his client would not be attending the next morning's debtor examination due to the automatic stay. He also informed me that Mr. Gorski had fourteen (14) days to file the required documents before the case would be dismissed.

9. On August 15, 2013, I attended the previously scheduled debtor exam and informed the state court that the debtor had filed for bankruptcy and received the protection of the automatic stay. Given the temporal proximity of the bankruptcy petition filing to the debtor examination, the state court expressed concern Gorski filed the skeleton petition to avoid the debtor examination. The state court continued the debtor examination to October 10, 2013 in case Gorski failed to file the required schedules resulting in the dismissal of the bankruptcy case

---

2

DECLARATION OF KEVIN J. DEHOFF IN SUPPORT OF MOTION TO PRECLUDE DEBTOR FROM FILING ANOTHER BANKRUPTCY PETITON WITHIN 180 DAYS FROM DISMISSAL

and lifting of the automatic stay.

10. On August 20, 2013, I informed Mr. Eason of the continued debtor examination and that if the bankruptcy was dismissed, Gorski was to appear for his debtor's examination in Yolo County Superior Court on October 10, 2013. (*Pease see attached Exhibit "A"- Correspondence from me to Mr. Eason dated August 20, 2013.*)

11. On September 3, 2013, the bankruptcy court dismissed case number 13-30691-E-13C for Gorski's failure to file the complete bankruptcy documents within the required time of filing the skeleton petition.

12. Approximately the week of September 16, 2013, I spoke with Mr. Eason and inquired as to whether Gorski would be filing another Chapter 13 case or a Chapter 7. He related that he did not know. I then asked Eason if he had informed his client of the continued debtor examination. Eason responded that he was not representing Gorski in that matter and that I should contact Gorski directly.

13. On September 25, 2013, I sent a correspondence directly to Mr. Gorski informing him that the automatic stay was lifted due to the dismissal of the bankruptcy case and that the debtor examination scheduled for October 10, 2013 would be going forward. I also related concerns that he only filed the skeleton petition the night before the debtor examination to avoid the hearing. (*Pease see attached Exhibit "B"- Correspondence from me to Mr. Gorski dated September 25, 2013.*)

14. In the afternoon of October 9, 2013, I received an electronic communication from attorney Eason informing me that he would be again filing a bankruptcy petition on behalf of Mr. Gorski that afternoon.

15. Approximately two hours later, Mr. Gorski filed another Chapter 13 petition and was given the instant case number of 13-33139-C-13C. As before, the petition was a skeleton without any of the necessary documents or Chapter 13 plan.

16. On October 10, 2013, I traveled to Yolo County Superior Court and informed the Court that the debtor once again filed a skeleton petition the night before the debtor examination. Accordingly, the automatic stay went into effect barring my ability to conduct the examination.

The Court set a date for a continued debtor examination to December 19, 2013 in case Gorski does not file the required schedules lifting the stay.

17.     According to bankruptcy court order dated October 11, 2013, Mr. Gorski has until October 23, 2013 to file the required schedules and Chapter 13 plan or his bankruptcy case will be dismissed.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 22nd day of October, 2013, at Sacramento, California.

*/s/ Kevin J. Dehoff*
_____
KEVIN J. DEHOFF

---

4

DECLARATION OF KEVIN J. DEHOFF IN SUPPORT OF MOTION TO PRECLUDE DEBTOR FROM FILING ANOTHER BANKRUPTCY PETITON WITHIN 180 DAYS FROM DISMISSAL



**Angelo**
**Kilday**
**& Kilduff**
*Attorneys at Law*

601 University Avenue Suite 150
Sacramento, CA 95825
Telephone No. (916) 564-6100
Telecopier No. (916) 564-6263
E-Mail: kdehoff@akk-law.com

Bruce A. Kilday*
Carolee G. Kilduff*

John A. Whitesides
Cori R. Sarno
Carrie A. Frederickson
Amie McTavish
Serena M. Sanders
Kevin J. Dehoff
Alex T. Hughes

*Member of American Board
of Trial Advocates (ABOTA)

August 20, 2013

Matthew R. Eason
Eason & Tambornini
1819 K Street, Suite 200
Sacramento, CA 95811

    Re:    *Lancaster v. County of Yolo, et al.*
            Yolo County Superior Court No.: CV07-1551

Dear Mr. Eason:

    As you are aware, the debtor's examination for your client, Mr. Gary Gorski, was scheduled for 8:15 a.m. in Yolo County Superior Court on August 15, 2013. We spoke the night before and you informed me that Mr. Gorski filed for Chapter 13 bankruptcy in the afternoon of August 14, 2013. You also provided me a bankruptcy case number of #2013-30691. Accordingly, the automatic stay went into effect the afternoon before the debtor's examination. It is my understanding that you only filed a skeleton petition on behalf of Mr. Gorski with the schedules and other documents to be filed within fourteen (14) days.

    At the hearing, I informed the court of your client's bankruptcy filing and related that the debtor examination could not go forward in light of the automatic stay. The court set a status conference in this case regarding the stay for October 10, 2013 at 8:15 a.m. in D10 of the Yolo County Superior Court. I will appear to update the court on the status of the bankruptcy case.

    If Mr. Gorski does not file his bankruptcy schedules or the federal case is dismissed for any other reason lifting the stay before October 10, 2013, the court expects Mr. Gorski to appear for a debtor examination on that date. Mr. Gorski must also arrive with all available documents outlined in our subpoena attached to the order for debtor examination. Should the automatic stay be lifted and Mr. Gorski not appear for a debtor examination on October 10, 2013, I will be requesting a bench warrant.

{00074804;1}

**EXHIBIT A**

To: Matthew R. Eason
Re: *Lancaster v. County of Yolo, et al.*
Page 2
August 20, 2013

---

      Please give your client notice of this date and inform him of this information. If you have any questions or concerns, feel free to call anytime.

                                Very truly yours,

                                ANGELO, KILDAY & KILDUFF, LLP

                                */s/ Kevin J. Dehoff*

                                KEVIN J. DEHOFF

Enclosures: Notice of Status Conference

{00074804; 1}



# Angelo Kilday Kilduff
### Attorneys at Law

601 University Avenue Suite 150
Sacramento, CA  95825
Telephone No. (916) 564-6100
Telecopier No. (916) 564-6263
E-Mail:   kdehoff@akk-law.com

Bruce A. Kilday*
Carolee G. Kilduff*

John A. Whitesides
Cori R. Sarno
Carrie A. Frederickson
Amie McTavish
Serena M. Sanders
Kevin J. Dehoff
Alex T. Hughes

*Member of American Board
of Trial Advocates (ABOTA)

September 25, 2013

Gary W. Gorski
2074 Tracy Court
Folsom, CA 95630

Gary W. Gorski
Law Offices of Gary W. Gorski
1207 Front Street, Suite 22
Sacramento, CA 95814

Re:   *Lancaster v. County of Yolo, et al.*
      Case No.:  CV07-1551

Dear Mr. Gorski:

    I represent the County of Yolo, among other creditors, in the enforcement of the judgment debts entered against you in the above-entitled matter. You were originally scheduled for a debtor's examination at 8:15 a.m. in Yolo County Superior Court on August 15, 2013. The night before the hearing, your bankruptcy attorney Matthew Eason, informed me that you had filed for Chapter 13 bankruptcy which had been assigned a bankruptcy case number of #2013-30691. Mr. Eason also related that he only filed a skeleton petition on your behalf with the schedules and other required documents to be filed within fourteen (14) days.

    The next morning, I attended the debtor's examination and told the Court the hearing could not go forward in light of the automatic stay imposed by the bankruptcy filing. Given the temporal proximity of the bankruptcy filing to your examination, Judge Kent O'Mara and myself were both concerned that you only filed the bankruptcy skeleton petition to avoid the debtor's examination. Therefore, the debtor's examination was continued to **October 10, 2013** at 8:15 a.m. in D10 of the Yolo County Superior Court pending the outcome of your Chapter 13 case.

    This date was purposefully chosen well after the deadline to file your Chapter 13 schedules in case you did not file the required documents and the bankruptcy was dismissed lifting the stay. Obviously, had the stay still been in effect on October 10, the examination could not have gone forward and I would have reported to the court that your bankruptcy case was ongoing.

    On September 3, 2013, I received notice from the bankruptcy court that your Chapter 13 case had been dismissed for the failure to file the required schedules in support of the skeleton petition. On September 24, 2013, I confirmed with Mr. Eason that your Chapter 13 bankruptcy

{00075782; 1}

EXHIBIT
B

To: Gary W. Gorski
Re: *Lancaster v. County of Yolo, et al.*
Page 2
September 25, 2013

---

case had been dismissed and you had not yet filed for Chapter 7. Accordingly, the protections of the automatic stay have been lifted and your creditors may resume collections efforts.

The Yolo County Superior Court expects you to attend the continued date of your debtor examination on October 10, 2013. I have enclosed a notice of the debtor examination with this correspondence. You are also required to bring all available documents outlined in the subpoena attached to the original order for debtor examination. I have attached a copy of the subpoena that was personally served on you on July 24, 2013 at the Eastern District Courthouse in Sacramento. **If you do not appear for the debtor's examination on October 10, 2013, I will be requesting a bench warrant.**

By my last calculation, you owe my clients approximately $35,260.68 for the judgments that were entered against you on May 27, 2008 and July 8, 2010. You have provided no justification for your failure to pay this debt. Should you want to resolve this outstanding debt prior to the debtor examination, please feel free to call or write me any time.

                                        Very truly yours,

                                        ANGELO, KILDAY & KILDUFF, LLP

                                        *[signature]*

                                        KEVIN J. DEHOFF


Enclosures:   1) Notice of Continued Debtor's Examination Hearing;
              2) Copy of Application and Order for Appearance and Examination, Subpoena
              3) Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of accrued Interest.


cc:   Matthew Eason, Esq.

{00075782; 1}

```
 1  KEVIN J. DEHOFF, ESQ., SBN 252106
    ANGELO, KILDAY & KILDUFF, LLP
 2  Attorneys at Law
    601 University Avenue, Suite 150
 3  Sacramento, CA  95825
    Telephone: (916) 564-6100
 4  Telecopier: (916) 564-6263
 5
    Attorneys for Defendants COUNTY OF YOLO, YOLO COUNTY SHERIFF'S DEPARTMENT
 6  and SHERIFF ED PRIETO
 7
                         SUPERIOR COURT OF CALIFORNIA
 8
                                COUNTY OF YOLO
 9
10  RENEE ODETTE LANCASTER,            )  Case No.: CV07-1551
                                       )
11                 Plaintiff,          )  NOTICE OF CONTINUED DEBTOR'S
                                       )  EXAMINATION HEARING
12                                     )
           vs.                         )
13                                     )
    COUNTY OF YOLO; COUNTY OF YOLO     )
14  SHERIFF'S DEPARTMENT; SHERIFF ED   )
    PRIETO, in both his individual and official)
15  capacity,                          )
16                                     )
                   Defendants.         )
17                                     )
18  _____)

19  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

20     PLEASE TAKE NOTICE that the hearing on the Order to Appear for Examination has
21  been rescheduled in the above-entitled matter for October 10, 2013 at 8:15 a.m. in Department
22  10 of the Yolo County Superior court.
23
24  Dated: September 25, 2013                   ANGELO, KILDAY & KILDUFF
25
                                                By: /s/ Kevin J. Dehoff
26                                                  KEVIN J. DEHOFF
                                                    Attorneys for Defendants
27                                                  COUNTY OF YOLO, et al.
28
```

---

1
NOTICE OF CONTINUED DEBTOR'S EXAMINATION HEARING

| | |
|---|---|
| COURT: | Yolo County Superior Court |
| CASE NO. | CV07-1551 |
| CASE NAME: | *Lancaster v. Yolo County, et al.* |

### PROOF OF SERVICE

I am a citizen of the United States, employed in the County of Sacramento, State of California. My business address is 601 University Avenue, Suite 150, Sacramento, California 95825. I am over the age of 18 years and not a party to the above-entitled action.

I am readily familiar with Angelo, Kilday & Kilduff's practice for collection and processing of correspondence for mailing with the United States Postal Service. Pursuant to said practice, each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day's mail is collected and deposited in a U.S. mailbox at or before the close of each day's business. (Code Civ. Proc. section 1013a(3)).

On September 25, 2013, I caused the within **NOTICE OF CONTINUED DEBTOR'S EXAMINATION HEARING**, the originals of which were produced on recycled paper, to be served via

☒    MAIL ---
Placed in the United States Mail at Sacramento, California in an envelope with postage thereon fully prepaid addressed as follows:

| | |
|---|---|
| Gary W. Gorski<br>2074 Tracy Court<br>Folsom, CA 95630 | Gary W. Gorski<br>Law Offices of Gary W. Gorski<br>1207 Front Street, Suite 22<br>Sacramento, CA 95814 |

☒    *(State)*    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 25, 2013 at Sacramento, California.

                                                      */s/ Melanie Fitzpatrick*
                                                      MELANIE FITZPATRICK

AT-138, EJ-125

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kevin J. Dehoff, SBN 252106<br>Angelo, Kilday & Kilduff, LLP<br>601 University Ave., Suite 150<br>Sacramento, CA 95825<br>TELEPHONE NO.: (916) 564-6100   FAX NO.: (916) 564-6263<br>ATTORNEY FOR (Name): Judgment Creditors COUNTY OF YOLO, et al. | |

NAME OF COURT: Yolo County Superior Court
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Woodland, CA 95695
BRANCH NAME:

PLAINTIFF: RENEE ODETTE LANCASTER

DEFENDANT: COUNTY OF YOLO, et al.

| APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION | CASE NUMBER: |
|---|---|
| [✓] ENFORCEMENT OF JUDGMENT   [ ] ATTACHMENT (Third Person)<br>[✓] Judgment Debtor   [ ] Third Person | CV07-1551 |

**ORDER TO APPEAR FOR EXAMINATION**

1. TO (name): Gary W. Gorski
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. [✓] furnish information to aid in enforcement of a money judgment against you.
   b. [ ] answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. [ ] answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

Date: August 15, 2013   Time: 8:15 a.m.   Dept. or Div.: 10   Rm.:
Address of court [ ] shown above [✓] is:

3. This order may be served by a sheriff, marshal, registered process server, or the following specially appointed person (name):

Date: 6/26/13

J. KENT O'MARA
JUDGE OR REFEREE

This order must be served not less than 10 days before the date set for the examination.
**IMPORTANT NOTICES ON REVERSE**

**APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION**

4. [✓] Judgment creditor [ ] Assignee of record [ ] Plaintiff who has a right to attach order
   applies for an order requiring (name): Gary W. Gorski   to appear and furnish information
   to aid in enforcement of the money judgment or to answer concerning property or debt.
5. The person to be examined is
   a. [✓] the judgment debtor.
   b. [ ] a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under Code of Civil Procedure section 491.110 or 708.120 is attached.
6. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.
7. [ ] This court is **not** the court in which the money judgment is entered or (attachment only) the court that issued the writ of attachment. An affidavit supporting an application under Code of Civil Procedure section 491.150 or 708.160 is attached.
8. [ ] The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: June 25, 2013

Kevin J. Dehoff
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

(Continued on reverse)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>AT-138, EJ-125 [Rev. July 1, 2000] | APPLICATION AND ORDER<br>FOR APPEARANCE AND EXAMINATION<br>(Attachment—Enforcement of Judgment) | Code of Civil Procedure,<br>§§ 491.110, 708.110, 708.120 |

### APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)

NOTICE TO JUDGMENT DEBTOR  If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

### APPEARANCE OF A THIRD PERSON (ENFORCEMENT OF JUDGMENT)

(1) NOTICE TO PERSON SERVED  If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

(2) NOTICE TO JUDGMENT DEBTOR  The person in whose favor the judgment was entered in this action claims that the person to be examined pursuant to this order has possession or control of property which is yours or owes you a debt. This property or debt is as follows *(Describe the property or debt using typewritten capital letters)*:

If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must file your exemption claim in writing with the court and have a copy personally served on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for the examination to establish your claim of exemption or your exemption may be waived.

### APPEARANCE OF A THIRD PERSON (ATTACHMENT)

NOTICE TO PERSON SERVED  If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.

### APPEARANCE OF A CORPORATION, PARTNERSHIP, ASSOCIATION, TRUST, OR OTHER ORGANIZATION

It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents, or other persons who are familiar with your property and debts.

AT-138, EJ-125 [Rev. July 1, 2000]     APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION (Attachment—Enforcement of Judgment)     Page two

SUBP-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Angelo, Kilday & Kilduff, LLP<br>601 University Ave., Suite 150, Sacramento, CA 95825<br>TELEPHONE NO.: (916) 564-6100    FAX NO.: (916) 564-6263<br>E-MAIL ADDRESS: kdehoff@akk-law.com<br>ATTORNEY FOR *(Name):* Judgment Creditors COUNTY OF YOLO, et al. | |

NAME OF COURT: Yolo County Superior Court
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Woodland, CA 95695
BRANCH NAME:

PLAINTIFF/PETITIONER: RENEE ODETTE LANCASTER

DEFENDANT/RESPONDENT: COUNTY OF YOLO, et al.

| CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION | CASE NUMBER:<br>CV07-1551 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of witness, if known):*

Gary W. Gorski

1. **YOU ARE ORDERED TO APPEAR AS A WITNESS** in this action at the date, time, and place shown in the box below UNLESS your appearance is excused as indicated in box 3b below or you make an agreement with the person named in item 4 below.

| a. Date: August 15, 2013    Time: 8:15 a.m.    [✓] Dept.: 10    [ ] Div.:    [ ] Room: |
|---|
| b. Address: 275 First Street, Woodland, CA 95695 |

2. IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.

3. YOU ARE *(item a or b must be checked):*
   a. [✓] Ordered to appear in person and to produce the records described in the declaration on page two or the attached declaration or affidavit. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.
   b. [ ] Not required to appear in person if you produce (i) the records described in the declaration on page two or the attached declaration or affidavit and (ii) a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose the original declaration of the custodian with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number; your name; and the date, time, and place from item 1 in the box above. (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1. (4) Mail a copy of your declaration to the attorney or party listed at the top of this form.

4. IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE YOU ARE TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:
   a. Name of subpoenaing party or attorney: Kevin J. Dehoff    b. Telephone number: (916) 564-6100

5. **Witness Fees:** You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them at the time of service. You may request them before your scheduled appearance from the person named in item 4.

| DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY. |
|---|

Date issued: July 19, 2013

Kevin J. Dehoff
_____
(TYPE OR PRINT NAME)

▶ /s/ Kevin J. Dehoff
_____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Attorney for Judgment Creditors
(TITLE)

*(Declaration in support of subpoena on reverse)*    Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-002 [Rev. January 1, 2012]

CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and
Production of Documents, Electronically Stored Information, and Things at
Trial or Hearing and DECLARATION

Code of Civil Procedure,
§ 1985 et seq.
www.courts.ca.gov

SUBP-002

| PLAINTIFF/PETITIONER: RENEE ODETTE LANCASTER | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COUNTY OF YOLO, et al. | CV07-1551 |

The production of the documents, electronically stored information, or other things sought by the subpoena on page one is supported by *(check one)*:

[✓] the attached affidavit or    [ ] the following declaration:

**DECLARATION IN SUPPORT OF CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS AT TRIAL OR HEARING**
(Code Civ. Proc., §§ 1985, 1987.5)

1. I, the undersigned, declare I am the [ ] plaintiff [ ] defendant [ ] petitioner [ ] respondent
   [✓] attorney for *(specify)*: Judgment Creditors   [ ] other *(specify)*:
   in the above-entitled action.

2. The witness has possession or control of the documents, electronically stored information, or other things listed below, and shall produce them at the time and place specified in the Civil Subpoena for Personal Appearance and Production of Records at Trial or Hearing on page one of this form *(specify the exact documents or other things to be produce; if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified)*:

   See Attachment 2 hereto

   [ ] Continued on Attachment 2.

3. Good cause exists for the production of the documents, electronically stored information, or other things described in paragraph 2 for the following reasons:

   See Attachment 3 hereto

   [ ] Continued on Attachment 3.

4. The documents, electronically stored information, or other things described in paragraph 2 are material to the issues involved in this case for the following reasons:

   See Attachment 4 hereto

   [ ] Continued on Attachment 4.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 19, 2013

Kevin J. Dehoff
(TYPE OR PRINT NAME)

*(signature)*
(SIGNATURE OF [ ] SUBPOENAING PARTY [✓] ATTORNEY FOR SUBPOENAING PARTY)

**Request for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the date on which you are to appear. Contact the clerk's office or go to www.courts.ca.gov/forms for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civil Code, § 54.8.)

(Proof of service on page 3)

SUBP-002 [Rev. January 1, 2012]    **CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION**    Page 2 of 3

| | SUBP-002 |
|---|---|
| PLAINTIFF/PETITIONER: RENEE ODETTE LANCASTER<br>DEFENDANT/RESPONDENT: COUNTY OF YOLO, et al. | CASE NUMBER:<br>CV07-1551 |

**PROOF OF SERVICE OF CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION**

1. I served this *Civil Subpoena (Duces Tecum) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and Declaration* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. Witness fees *(check one)*:
      (1) ☐ were offered or demanded and paid. Amount: $ _____
      (2) ☐ were not demanded or paid.

   f. Fee for service: .............. $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:
   a. ☐ Not a registered California process server.
   b. ☐ California sheriff or marshal.
   c. ☐ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Business and Professions Code section 22451.
   h. Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
　　　　(SIGNATURE)

**(For California sheriff or marshal use only)**
**I certify** that the foregoing is true and correct.

Date:

▶ _____
　　　　(SIGNATURE)

| SUBP-002 [Rev. January 1, 2012] | CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION | Page 3 of 3 |

## Attachment 3

*Lancaster v. County of Yolo, et al.*
Yolo County Superior Court Case No. CV07-1551

Attachments to Civil Subpoena (Duces Tecum)

**Attachment 2**

### DOCUMENTS REQUESTED

1. All documents reflecting or constituting any fee agreements, retainer agreements or contracts between YOU (defined as Gary Gorski, or any legal practice in which he has an ownership interest, and his agents, representatives, successor and assigns) and any client for the performance of legal services for which legal services are ongoing or for which you expect to receive compensation within the next three years.

2. All documents reflecting or relating to any amounts owing to YOU on any of the agreements referenced in request number 1 above.

3. Any and all documents reflecting or constituting any civil complaints filed by YOU which proceedings are still ongoing or which have been reduced to judgment in your client's favor but have yet been collected upon.

4. Any and all documents constituting or reflecting any contracts or agreements of any kind for which YOU expect to receive any compensation including but not limited to leases, installment sales contracts, etc.

5. All documents reflecting or relating to any real properties, or real property interests, owned by YOU, including but not limited to deeds, title documents, mortgage documents, agreements, or other documents relating to YOUR real property interests.

6. All documents reflecting or relating to any monies, funds or assets held in YOUR name with a financial institution, including but not limited to bank accounts, investment accounts, money market accounts, stock portfolios, retirement accounts, or other assets.

7. All documents reflecting or relating to any motor vehicles in which YOU own an interest including but not limited to title documents and loan materials.

8. All documents reflecting or relating to any personal property owned by YOU with a value of greater than $500.

{00063275; 1}

9. Any and all documents relating to any transfers by YOU of any of YOUR assets, personal property, or real property, having a value of over $500 to any third parties during the last six months.

10. Any and all documents relating to any agreements between YOU and any of the other judgment debtors in this action relating to the payment of the underlying judgment.

### Attachments 3 and 4

The party from whom the records described above are sought is a judgment debtor in this proceeding, owing judgment creditor approximately $40,000. The records sought above are records which would be in the possession, custody or control of the responding party. Further, the records sought above are relevant to the judgment's debtor's examination set to occur on the production date as these records will identify the assets of the judgment debtor from which collection efforts are ongoing.

{00063275; 1}

MC-012

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Kevin J. Dehoff, SBN: 252106<br>Angelo, Kilday & Kilduff, LLP<br>601 University Avenue, Suite 150<br>Sacramento, CA 95825<br>TELEPHONE NO.: (916) 564-6100 FAX NO.: (916) 564-6263<br>ATTORNEY FOR *(Name)*: County of Yolo, et al.<br>NAME OF COURT: Superior Court of California, County of Yolo<br>STREET ADDRESS: 725 Court Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Woodland, CA 95695<br>BRANCH NAME: | FILED<br>YOLO SUPERIOR COURT<br>MAY 13 2013<br>J. MARTE<br>By_____ Deputy |
| PLAINTIFF: RENEE ODETTE LANCASTER | |
| DEFENDANT: COUNTY OF YOLO, et al. | |
| MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST | CASE NUMBER: CV07-1551 |

1. I claim the following costs after judgment incurred within the last two years *(indicate if there are multiple items in any category)*:

|   |   | Dates Incurred | Amount |
|---|---|---|---|
| a | Preparing and issuing abstract of judgment | May 7, 2013 | $ 25.00 |
| b | Recording and indexing abstract of judgment |  | $ |
| c | Filing notice of judgment lien on personal property | May 7, 2013 | $ 10.00 |
| d | Issuing writ of execution, to extent not satisfied by Code Civ. Proc., § 685.050 *(specify county)*: |  | $ |
| e | Levying officers fees, to extent not satisfied by Code Civ. Proc., § 685.050 or wage garnishment |  | $ |
| f | Approved fee on application for order for appearance of judgment debtor, or other approved costs under Code Civ. Proc., § 708.110 et seq. | July 5, 2012 | $ 145.00 |
| g | Attorney fees, if allowed by Code Civ. Proc., § 685.040 |  | $ |
| h | Other: *(Statute authorizing cost)*: |  | $ |
| i | Total of claimed costs for current memorandum of costs *(add items a-h)* |  | $ 180.00 |

2. All previously allowed postjudgment costs: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
3. Total of all postjudgment costs (add items 1 and 2): . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ 180.00
4. **Acknowledgment of Credit.** I acknowledge total credit to date (including returns on levy process and direct payments) in the amount of: $ 45,000.00
5. **Declaration of Accrued Interest.** Interest on the judgment accruing at the legal rate from the date of entry on balances due after partial satisfactions and other credits in the amount of: $ 19,338.15
6. I am the ☐ judgment creditor ☐ agent for the judgment creditor ☑ attorney for the judgment creditor.
I have knowledge of the facts concerning the costs claimed above. To the best of my knowledge and belief, the costs claimed are correct, reasonable, and necessary, and have not been satisfied.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 6, 2013

Kevin J. Dehoff
*(TYPE OR PRINT NAME)*

▶ *(signature)*
*(SIGNATURE OF DECLARANT)*

**NOTICE TO THE JUDGMENT DEBTOR**
If this memorandum of costs is filed at the same time as an application for a writ of execution, any statutory costs, *not exceeding $100 in aggregate* and not already allowed by the court, may be included in the writ of execution. The fees sought under this memorandum may be disallowed by the court upon a motion to tax filed by the debtor, notwithstanding the fees having been included in the writ of execution. (Code Civ. Proc., § 685.070(e).) A motion to tax costs claimed in this memorandum must be filed within 10 days after service of the memorandum. (Code Civ. Proc., § 685.070(c).)

(Proof of service on reverse)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>MC-012 [Rev. January 1, 2011] | MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST | Code of Civil Procedure<br>§ 685.070<br>www.courts.ca.gov |

|  |  |
|---|---|
| SHORT TITLE: Lancaster v. County of Yolo, et al. | CASE NUMBER: CV07-1551 |

MC-012

## PROOF OF SERVICE
☑ Mail　　☐ Personal Service

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is *(specify)*:

   601 University Avenue, Suite 150, Sacramento, Ca 95825

3. I mailed or personally delivered a copy of the *Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest* as follows *(complete either a or b)*:

   a. ☑ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope AND
         (a) ☐ **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.
         (b) ☑ **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served: Gary W. Gorski, Esq.
         (b) Address on envelope: Law Offices of Gary W. Gorski, 8549 Nephi Way, Fair Oaks, CA 95628

         (c) Date of mailing: 5/13/13
         (d) Place of mailing *(city and state)*: Sacramento, CA

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 13, 2013

Melanie Fitzpatrick　　　　　　　　　　　　　　　/s/ Melanie Fitzpatrick
(TYPE OR PRINT NAME)　　　　　　　　　　　　　(SIGNATURE OF DECLARANT)

MC-012 [Rev. January 1, 2011]　　**MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST**　　Page two